IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCELORMITTAL FRANCE,<br>ARCELORMITTAL ATLANTIQUE<br>ET LORRAINE, and<br>ARCELORMITTAL USA LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>SEVERSTAL DEARBORN, LLC, and<br>WHEELING-NISSHIN, INC.,<br><br>        Defendants. | C.A. No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFFS ARCELORMITTAL FRANCE, ARCELORMITTAL ATLANTIQUE ET LORRAINE, AND ARCELORMITTAL USA LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArcelorMittal France, ArcelorMittal Atlantique et Lorraine, and ArcelorMittal USA LLC (collectively, "ArcelorMittal," where appropriate), by their undersigned attorneys, bring this complaint for patent infringement against Defendants Severstal Dearborn LLC and Wheeling-Nisshin, Inc. (collectively "Defendants," where appropriate) and, in support thereof, allege as follows:

## PARTIES

1. Plaintiff ArcelorMittal France is a corporation duly organized and existing under the laws of France, with its principal place of business at Immeuble Le Cézanne, 6 Rue André Campra, 93200 Saint-Denis, France.

2. Plaintiff ArcelorMittal Atlantique et Lorraine is a corporation duly organized and existing under the laws of France, with its principal place of business at Immeuble Le Cézanne, 6 Rue André Campra, 93200 Saint-Denis, France.

799898_1

3. Plaintiff ArcelorMittal USA LLC is a corporation duly organized and existing under the laws of Delaware, with its principal place of business at 1 South Dearborn, Chicago, IL 60603.

4. On information and belief, Defendant Severstal Dearborn, LLC ("Severstal") is a Delaware corporation having its principal place of business at 14661 Rotunda Drive, Dearborn, Michigan 48120.

5. On information and belief, Defendant Wheeling-Nisshin, Inc. ("Wheeling-Nisshin") is a Delaware corporation having its principal place of business at 400 Penn Street, Follansbee, West Virginia 26037.

## THE PATENT-IN-SUIT

6. United States Patent No. 6,296,805 (the " '805 patent") entitled "COATED HOT- AND COLD-ROLLED STEEL SHEET COMPRISING A VERY HIGH RESISTANCE AFTER THERMAL TREATMENT" was duly and legally issued by the United States Patent and Trademark Office on October 2, 2001.  ArcelorMittal France and ArcelorMittal Atlantique et Lorraine jointly own by assignment all right, title and interest in the '805 patent.

7. On August 8, 2011, ArcelorMittal filed a petition with the U.S. Patent and Trademark Office for the reissuance of the '805 patent.

8. On April 16, 2013, the U.S. Patent and Trademark Office duly and legally reissued the '805 patent as U.S. Reissue Patent RE44,153 (the "RE153 patent").  ArcelorMittal France and ArcelorMittal Atlantique et Lorraine jointly own by assignment all right, title and interest in the RE153 patent.  In accordance with Local Rule 3.2, a true and correct copy of the RE153 patent is attached hereto as Exhibit A.

9. The RE153 patent contains claims 1-16, which originally appeared in the '805 patent, as well as new claims 17-25.

10. ArcelorMittal USA LLC has the sole and exclusive right and license under the RE153 patent to manufacture in the United States product made under the RE153 patent.

**JURISDICTION AND VENUE**

11. This action for patent infringement arises under 35 U.S.C. §§ 101 *et seq*.

12. This Court has subject matter jurisdiction over this action based on 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants are incorporated under the laws of Delaware. Moreover, in related proceedings, C.A. No. 10-050-SLR, Defendants have not contested personal jurisdiction, C.A. No. 10-050-SLR, D.I. 147 at ¶ 8 (Severstal), D.I. 148 at ¶ 8 (Wheeling-Nisshin), and availed themselves of this Court in filing counterclaims, D.I. 147 at pp. 6-9 (Severstal), D.I. 148 at pp. 5-8 (Wheeling-Nisshin).

14. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400. Moreover, in related proceedings, C.A. No. 10-050-SLR, Defendants have not contested venue. *See* C.A. No. 10-050-SLR, D.I. 147 at ¶ 9 (Severstal), D.I. 148 at ¶ 9 (Wheeling-Nisshin).

**INFRINGEMENT OF THE RE153 PATENT**

15. ArcelorMittal incorporates each of the preceding paragraphs 1-14 as if fully stated herein.

16. On information and belief, Severstal makes, offers to sell and/or sells aluminum coated, boron-containing steel sheet products in the United States. On information

and belief, the aluminum coated, boron-containing steel sheet products are formed by a process involving, among other things, hot rolling, cold rolling, and coating the steel with aluminum.

17. On information and believe, Wheeling-Nisshin performs the coating of Severstal's aluminum coated, boron-containing steel sheet products, and likewise makes, offers to sell and/or sells aluminum coated, boron-containing steel sheet products in the United States.

18. On information and belief, the aluminum coated, boron-containing steel sheet products are intended for further processing, including heat treatment and stamping, to form, *inter alia*, components for use in automobiles.

19. On information and belief, when the aluminum coated, boron-containing steel sheet products are further processed, including by heat treatment and stamping, they have an ultimate tensile strength greater than 1000 MPa, and at least some of the products have an ultimate tensile strength greater than 1500 MPa.

20. On information and belief, automotive parts suppliers, among others, directly infringe one or more of the claims of the RE153 patent when they make, use, offer to sell and/or sell steel meeting the limitations of those claims, or products incorporating steel meeting the limitations of those claims. On information and belief, companies that process steel manufactured by Severstal and Wheeling-Nisshin, for example by heat treating and stamping, directly infringe one or more of the claims of the RE153 patent when they make, offer to sell and/or sell steel meeting the limitations of those claims. On information and belief, to the extent that Severstal and Wheeling-Nisshin each make, offer to sell and/or sell steel meeting the limitations of one or more of the claims of the RE153 patent, they also directly infringe those claims.

21. On information and belief, both Severstal and Wheeling-Nisshin induce infringement of one or more of the claims of the RE153 patent by direct infringers. Both Severstal and Wheeling-Nisshin are aware of the claims of the RE153 patent and that steel made, used, offered for sale and/or sold by the direct infringers constitutes infringement of such claims. Specifically, both Severstal and Wheeling-Nisshin were informed through their counsel via an email on April 15, 2013 of the impending issuance of the RE153 patent. On information and belief, in supplying steel to direct infringers that upon further processing meets the limitations of one or more of the claims of the RE153 patent, both Severstal and Wheeling-Nisshin specifically intend that the direct infringers will make, use, offer to sell and/or sell infringing products. Among other things, both Severstal and Wheeling-Nisshin are aware of one or more automotive product specifications requiring steel having an ultimate tensile strength of greater than 1000 MPa and/or greater than 1500 MPa and have designed their product, including its carbon content, so that upon further processing, it will meet such specifications. On information and belief, Severstal and Wheeling-Nisshin are aware that at least some of their product, upon further processing, achieves an ultimate tensile strength of greater than 1500 MPa.

22. On information and belief, both Severstal and Wheeling-Nisshin contributorily infringe one or more of the claims of the RE153 patent by offering to sell and/or selling within the United States, coated steel that upon further processing meets the limitations of one or more of the claims of the RE153 patent. On information and belief, the coated steel made and sold by both Severstal and Wheeling-Nisshin has a carbon content suited to the desired ultimate tensile strength achieved through further processing, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, both Severstal and Wheeling-Nisshin specifically intend that the direct infringers will make, use,

offer to sell and/or sell infringing product. Among other things, both Severstal and Wheeling-Nisshin are aware of automotive product specifications requiring steel having an ultimate tensile strength of greater than 1000 MPa and/or greater than 1500 MPa and has designed their product, including its carbon content, so that upon further processing, it will meet such specifications. On information and belief, both Severstal and Wheeling-Nisshin know that their aluminum coated boron steel sheet products are especially made or especially adapted for use in an infringement of the RE153 patent. On information and belief, Severstal and Wheeling-Nisshin are aware that at least some of their product, upon further processing, achieves an ultimate tensile strength of greater than 1500 MPa.

23. ArcelorMittal has been damaged by such infringement and will continue to be damaged by such infringement unless both Severstal and Wheeling-Nisshin are enjoined from infringing by this Court.

## PRAYER FOR RELIEF

WHEREFORE, ArcelorMittal respectfully requests:

(1)   an injunction against continued infringement (35 U.S.C. § 283);

(2)   an award of damages adequate to compensate ArcelorMittal for the infringement of the RE153 patent by Severstal and/or Wheeling Nisshin after its issuance on April 16, 2013, together with interest and costs as fixed by the Court (35 U.S.C. § 284);

(3)   its costs (Fed. R. Civ. P. 54(d)); and

(4)   any other relief appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs ArcelorMittal France, ArcelorMittal Atlantique et Lorraine, and ArcelorMittal USA LLC hereby demand a trial by jury of all issues so triable in this action.

RESPECTFULLY SUBMITTED,

  /s/ Jeffrey B. Bove
Jeffrey B. Bove (#998) [jbove@cblh.com]
Chad S.C. Stover (#4919) [cstover@cblh.com]
NOVAK DRUCE CONNOLLY BOVE
    LODGE + QUIGG LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware  19899
(302) 658-9141

*Attorneys for Plaintiffs ArcelorMittal France, ArcelorMittal Atlantique et Lorraine and ArcelorMittal USA LLC*

OF COUNSEL:

David T. Pritikin [dpritikin@sidley.com]
Hugh A. Abrams [habrams@sidley.com]
Linda R. Friedlieb [lfriedlieb@sidley.com]
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000


Dated:  April 16, 2013